PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* EMETERIO TIRADO ET AL., Defendants and Appellants.

No. 3459. Argued November 20, 1928.—Decided December 10, 1928.

*Agustín E. Font* for the appellants. *José E. Figueras* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The district attorney of Ponce brought a charge of voluntary homicide against Emeterio Tirado, Vicente Tirado and Juan Tirado. The defendants pleaded not guilty and were tried before a jury. To the instructions given by the judge to the jury the attorney for the defendants took several exceptions of which mention will be made in the proper part of this opinion. In their verdict the jury found defendants Emeterio Tirado and Vicente Tirado guilty of voluntary homicide and acquitted defendant Juan Tirado. The court sentenced Emeterio and Vicente Tirado to five years each in the penitentiary and the costs. This appeal has been taken from the judgment.

Seventeen errors have been assigned by the appellants. It is unnecessary to consider all of them, especially because the *Fiscal* of this court admits the commission of some of the errors and that the facts on which the assignments are based prevented the defendants from having a fair and impartial trial.

The third assignment made by the appellants refers to the statements made and the questions asked by the judge of the District Court of Ponce in the examination of witness Julio Irizarry, as follows:

"Judge.—You have taken an oath. From what it has heard the Court observes that you have made some statements here in relation to these facts which do not accord with your testimony before the Municipal Judge of Guánica. The court observes that you are excited and almost unable to speak, and that your eyes are filed with water as if you wanted to weep. A.—I? Q.—Yes. A.—No, Sir. Q.—Is there anything the matter with you? Are you ill? A.—No, Sir. Q.—Do you feel well? A.—Yes, Sir. Q.—Is there anything the matter with you physically to prevent you from testifying? A.—No, Sir. Q.—And morally? Has anybody told you to be careful about what you are going to say in your testimony? A.—No, Sir. Q.—Tell me and you will see how these questions stop. A.—No, Sir. Nothing has been said to me. Q.—Nobody has intimidated you? A.—Nobody. Q.—Nobody has promised you anything, saying that if you say this, I am going to make you a present of that? A.—Nobody. Q.—Why then do you not act as a witness should act, spontaneously, in the same way that you acted before the Municipal Judge of Guánica? What is the matter with you? A.—Nothing. Q.—Speak to the gentlemen of the jury. Tell them what you know about these facts and if anything should happen to you, come to me and to the district attorney. Nothing will be done to you. Woe to him who dares to do anything to you! Tell the gentlemen of the jury what took place there."

Undoubtedly the purpose was to insure the truthfulness of the testimony, but the means employed might lead the jury into error and into the belief that the court was seeking to establish the questionable veracity of the witness in certain parts of his testimony and it was taken as established that the original testimony of the witness had been changed. This influences the jury. In *People* v. *Rodríguez*, 36 P.R.R. 388, this court said:

"We can not agree with the appellant that the evidence did not tend to show a crime, but we feel bound to hold that the admission of these statements was error prejudicial to the defendant inasmuch as they tended in the manner presented to cast strong doubts on the statements of the witnesses who gave testimony in favor of self-defense and, it must always be remembered, were called by the *fiscal*."

The error assigned under number three was actually committed.

During the examination of witness Ventura Casiano for the defense, the district judge interrupted the district attorney's cross-examination and asked the witness a question about his testimony given before the Municipal Judge of Guánica, of which testimony he was reminded in detail, and then said:

"The Court has asked you all of these questions, and after having heard you the Court understands that you have committed perjury in open Court, and in the exercise of the authority given to it by the law, for punishing the crime of perjury committed in open Court as contempt of court and for other purposes it orders your arrest and unless you furnish bail in the sum of three hundred dollars it will hold you to answer the charge of perjury in open court consisting in making before this Court statements entirely contrary to those made by you under oath before the Municipal Judge of Guánica. The stenographer will make a complete copy of this testimony given before this District Court and before the Jury for the purpose of the crime of perjuy committed in open court. Attorney.—We take exception to the statements of the Court, because according to law the jury are the judges of the credibility of the witnesses and whether or not this witness is worthy of credit, and in saying that this witness has committed perjury in open court this Court is deciding on the merits of his testimony when this should be done exclusively by the jury. This is prejudicial to the rights of the defendants to an impartial trial."

This court has sustained the right of the jury to weigh the evidence as the sole judge, without suggestions which may disturb them in the act of agreeing upon a verdict. It has held also that under no circumstances should the jury be led to infer from the words of the judge what his opinion is as to each of the elements of proof, nor it is lawful to suggest anything to them which may tend to divert their judgment of what they honestly believe to be just and impartial. (*People* v. *Rodríguez*, 11 P.R.R. 225.)

In this case that attitude of the judge before the jury was grave error. Necessarily, the jury had to feel the influence of what took place in their presence and had to doubt

seriously the testimony of the witness whose credibility was not submitted wholly and directly to the consideration of the jury, but censured by the statements of the judge. These statements, although made in the best spirit, invaded the province of the jury, penetrated the minds of the jurors and remained there as an obstacle to a calm, and impartial trial to which every defendant is undeniably entitled.

We affirm the doctrine laid down by this court in *People v. Acevedo,* 35 P.R.R. 886, with reference to the intervention of the judge in the examination of witnesses. The right of the judge to do so is not denied, but it is maintained that especially in jury trials the district attorney should conduct the case in the name of the People and the unnecessary intervention of the judge in the general course of the examination and his comments in favor of the prosecution will prejudice the minds of the jurors against the defendant who would not have a fair and impartial trial.

Seven errors (from the tenth to the sixteenth) are assigned in the instructions of the judge to the jury. It being admitted that the other errors are sufficient to justify a reversal of the judgment, it is unnecessary to enter minutely into a consideration of these. Undoubtedly in some parts of the instructions the judge exceeded their natural limits. There is no doubt that his intention was to further the ends of justice, but the form elected was not the most advisable. The imprecations of the paragraph which begins, "Oh, race of Pilates" and ends, "as you should not have to continue with your work," can not be admissible. The jury must feel alarmed and that is not the most appropriate spirit in which to find an impartial verdict.

For the reasons stated the judgment will be reversed and the case remanded for further proceedings not inconsistent with this opinion.